UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-cv-60012-MIDDLEBROOKS/TORRES

MALCOM BURNS,

    Plaintiff,

v.

FRANK BISIGNANO, Acting Commissioner
of the Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON THE PARTIES'
CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This cause comes before the court on cross-motions for summary judgment filed by Plaintiff, Malcom Burns [D.E. 12] and Defendant, Frank Bisignano, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner") [D.E. 14] on whether the Administrative Law Judge ("ALJ") properly weighed the evidence in reaching his unfavorable decision. Under the limited standard of review governing this case, the Court finds that the motions are ripe for disposition and that substantial evidence supports the ALJ's determination. For the reasons stated below, Plaintiff's Motion [D.E. 12] should be **DENIED**, Defendant's Motion [D.E. 14] should be **GRANTED**, and the decision of the ALJ should be **AFFIRMED**.[1]

---

[1] On April 9, 2025, this matter was referred to the Undersigned Magistrate Judge for a Report and Recommendation. [D.E. 11].

1

## I.     BACKGROUND

On July 13, 2021, Plaintiff filed a disability application relating to complaints of neck pain, back pain, post-traumatic stress disorder, depression, and anxiety. [D.E. 12 at 1–2]. Plaintiff's claim was denied initially and denied again upon reconsideration. Plaintiff then received an unfavorable decision from the ALJ. The Appeals Council denied Plaintiff's request for review, and then Plaintiff filed the pending action.

In the pending Motion, Plaintiff asserts that the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence, because the ALJ failed to properly evaluate the opinion of (1) Donald Carr, M.D., and (2) Michael J. McKenzie, M.D. In response, the Commissioner asserts that the ALJ gave sufficient credence to the medical evidence of record in this case before properly issuing an unfavorable decision.

## II.     STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing

*Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as an ALJ's findings are supported by substantial evidence, a court must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."); *Miles*, 84 F.3d at 1400; 42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A court also reviews an ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.* (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). We cannot "decide the facts anew, reweigh the evidence, or substitute our

judgment for that of the [ALJ]." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)). Instead, while "scrutiniz[ing] the record as a whole," we must determine if the ALJ's findings were reasonable, *Bloodsworth*, 703 F.2d at 1239, and if the proper legal standards were applied, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III.   APPLICABLE LAW AND PRINCIPLES

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves he or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)).

An ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, an ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If an ALJ does not make such a finding, then the inquiry ends. *See id.* at § 404.1520(c). At step three, an ALJ

4

compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. An ALJ assesses a claimant's RFC prior to this stage, based on the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See id.* at § 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s).

When making this finding, an ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. Only upon the conclusion of this

function-by-function analysis may an ALJ express the claimant's RFC in terms of the exertional levels of work (i.e., sedentary, light, medium, heavy, and very heavy).

This leads to step five—the final inquiry—where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform based on the claimant's RFC, work experience, education, and age. *See id.* at § 404.1520(e)-(f).

## IV.  ANALYSIS

We will first assess whether the ALJ properly considered Dr. Carr's medical opinion, before determining whether the ALJ erred in dismissing the evidence from Dr. McKenzie.

### A. *Dr. Carr*

Plaintiff's primary argument is that the ALJ failed to adequately consider the medical opinion evidence of Dr. Carr. Specifically, Plaintiff argues that the ALJ mischaracterizes Dr. Carr's opinion as being "mostly focused" on a March 2023 surgical report, as opposed to evidence that is relevant to 2020 through 2022. But in fact, Plaintiff argues, Dr. Carr relied on a 2021 spinal imaging and other portions of Plaintiff's medical history. Thus, because the ALJ misanalyses Dr. Carr's opinion and the records on which he relied, Plaintiff argues that the ALJ's opinion is not supported by substantial evidence and should be remanded.

In response, the Commissioner argues that the ALJ adequately analyzed Dr. Carr's opinion before determining it was unreliable. The ALJ formed that conclusion in part because Dr. Carr focused too heavily on the 2023 surgical report. But the ALJ,

6

notes the Commissioner, also mentioned that Dr. Carr relied on the 2021 spinal imaging and the 2022 cervical imaging—he did not focus only on the 2023 surgical report. And further, the Commissioner argues, the ALJ found that there existed inconsistencies between Plaintiff's reported symptoms and Dr. Carr's findings. Thus, the Commissioner avers that, because the ALJ adequately considered Dr. Carr's opinion, but found that it was inconsistent with the overall record and less persuasive than other evidence in the record, the ALJ's opinion is supported by substantial evidence.

### *1. 2023 Surgical Report*

The ALJ found Dr. Carr's opinion to be "unpersuasive overall." [D.E. 7-2 at 34]. In support, the ALJ noted that Dr. Carr "mostly focused on the March 2023 surgical report and did not pertain to the period around the alleged onset date." [*Id.* at 40]. The ALJ further reasoned that other of Dr. Carr's citations "included orthopedic exams that showed mostly normal physical signed with minimally progressive impairment through May of 2022," [*id.*], and "not[ed] no documentation for consistent use of a cane in the available record." [*Id.* at 34].

Consequently, Plaintiff's argument that the ALJ mischaracterized Dr. Carr's emphasis on the 2023 surgical report is unavailing. Indeed, while the ALJ noted that Dr. Carr "mostly focused" on the 2023 surgical report, the ALJ still dutifully analyzed other portions of Plaintiff's medical history on which Dr. Carr relied. For example, the ALJ factored in Dr. Carr's inclusion of the spinal and cervical imaging, and Dr. Carr's description of Plaintiff's 2021 bicep weakness. The ALJ also pointed out Dr.

Carr's consideration of Plaintiff's "compression testing from June of 2021." [*Id.* at 35]. It is inaccurate, then, to say that the ALJ neglected the other bases of Dr. Carr's opinion. Plainly, the ALJ was not dismissive of the reports on which Dr. Carr relied, even if he did not mention every single detail. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) ("In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'"); *Haralson v. Dudek*, No. 9:24-80325-LFL, 2025 WL 2256550, at *6 (S.D. Fla. Mar. 26, 2025) (rejecting argument that the ALJ "cherry-pick[ed] examinations," where "the ALJ thoroughly considered a longitudinal record consisting of multiple physical examinations conducted months apart by a variety of providers").

The ALJ, while emphasizing that Dr. Carr relied too heavily on a 2023 surgical report, nonetheless detailed and scrutinized other portions of the record on which Dr. Carr relied to form his medical opinion. In light of the ALJ's in-depth review, Plaintiff has failed to demonstrate any error on this front. Accordingly, as to this argument, Plaintiff's Motion should be denied, because the ALJ finding that Dr. Carr's opinion was unpersuasive is supported by substantial evidence. *See Werner v. Comm'r of Soc. Sec.*, 421 F. Appx. 935, 938-39 (11th Cir. 2011) ("The question is not, as Werner suggests, whether ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it."); *Major v. Kijakazi*, 660 F. Supp. 3d 1229,

8

1237 (N.D. Fla. 2023) ("Thus, Plaintiff's contention that the ALJ failed to consider relevant, entire timeframes of her medical records, is unfounded. The ALJ sufficiently considered of Plaintiff's relevant medical history and explained how the medical history did not establish Plaintiff suffered from a severe impairment that rendered her disabled. The ALJ's finding was supported by substantial evidence.").

### *2. Inconsistencies with Longitudinal Record*

As another basis for discounting Dr. Carr's opinion, the ALJ identified crucial inconsistencies with the longitudinal record. For example, the ALJ detailed that "[w]hile Dr. Carr cited left biceps 4/5 weakness in August of 2021, the claimant … denied new symptoms such as weakness, numbness or tingling, exhibited normal range of motion and otherwise normal motor strength, and exhibited muscle atrophy and decreased 4+/5 strength in the right upper extremity, not the left, by March of 2023." [D.E. 7-2 at 30]. Further, while Dr. Carr "cited positive Hoffman's signs, clonus, and brisk reflexes as indications of advanced myelopathy, the claimant's providers reported these signs were not present upon examination in December of 2021 … and the record showed none of the required … abnormalities." [*Id.* at 35]. Moreover, the ALJ noted that while Dr. Carr "opined the claimant had no need to ambulate with an assistive evidence and could independently perform all activities of daily living," Dr. Carr simultaneously "recommended the claimant's impairments equaled the severity listing 1.15 since February 18, 2020 …." [*Id.*]. Consequently, because Dr. Carr's "opinions were also generally inconsistent with the detailed longitudinal record," the ALJ deemed them "unpersuasive overall." [*Id.*].

We see no error with the ALJ's conclusion that, largely, Dr. Carr's opinion was inconsistent with the record. The ALJ, in a detailed fashion, identified those portions of the longitudinal record that conflicted with Dr. Carr's opinion, and established substantial support for why Dr. Carr's opinion was unpersuasive. Crucially, it is not within our province to substitute our medical judgment for that of the ALJ; rather, we determine whether the ALJ's judgment was supported by substantial evidence. *Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."). And because here substantial evidence supports the ALJ's opinion (via those portions of the longitudinal record with which Dr. Carr's evaluations conflicted), Plaintiff has failed to demonstrate reversible error, and his Motion should thus be denied on this score. *See Donna S. v. Bisignano*, No. 2:24-CV-422-SMD, 2025 WL 1860314, at *4 (M.D. Ala. July 7, 2025) ("Plaintiff points to other medical records, inviting the Court to reweigh the evidence and conclude that the ALJ erred in rejecting Dr. Warren's opinion. But the Court cannot reweigh the evidence, and because there is substantial evidence supporting the ALJ's conclusion that Dr. Warren's opinion is inconsistent with the record, the ALJ did not err in finding the opinion unpersuasive.").

### B. *Dr. McKenzie*

Plaintiff also argues in passing that the ALJ failed to consider Dr. McKenzie's letter. In that letter, Dr. McKenzie represented that "since Plaintiff's neck surgery in March 2023, he had difficulty moving his neck, left shoulder, arm, and hand," which in turn necessitated "long-term therapy." [D.E. 12 at 8]. This letter, argues Plaintiff,

10

helps demonstrate that the ALJ erred in finding that Dr. Carr's findings were inconsistent with the longitudinal record (e.g., Dr. McKenzie's letter).

In response, the Commissioner argues that the ALJ was not obligated to consider Dr. McKenzie's "two paragraph letter," because it was nothing more than a disability determination. [D.E. 14 at 11]. Consequently, argues Plaintiff, the letter was not valuable nor persuasive under 20 C.F.R. § 404.1520c(b)(c)—a contention that Plaintiff does not address in his reply.

The Commissioner's argument is well taken that, upon review, Dr. Mckenzie's two-paragraph letter is nothing more than a legal finding of disability. Consequently, the ALJ was not under an obligation to consider the letter; Plaintiff's Motion should thus be denied on this score. *See McIntyre v. Comm'r of Soc. Sec.*, No. 23-CV-14167, 2024 WL 5323238, at *4 (S.D. Fla. Mar. 13, 2024) (citing § 404.1520c(b)(c)) ("As to Dr. Dell's statement regarding 'disability,' the ALJ properly found this opinion inherently neither valuable nor persuasive since it concerned a 'legal rather than a medical finding.'").

## V.　CONCLUSION

Substantial evidence supports the ALJ's findings as noted in his unfavorable decision. The ALJ's conclusion applied proper legal standards and any errors therein did not prejudice Plaintiff and were harmless. Thus, for the reasons set forth above, Plaintiff's Motion for Summary Judgment [D.E. 12] should be **DENIED**, Defendant's Motion for Summary Judgment [D.E. 14] should be **GRANTED**, and the decision of the Commissioner should be **AFFIRMED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers at Miami, Florida this 26th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge