UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60012-CV-MIDDLEBROOKS

MALCOM BURNS,

    Plaintiff,

vs.

FRANK BISIGNANO, Acting Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment (DE 12), filed June 2, 2025, and Defendant's Cross-Motion for Summary Judgment (DE 14), filed June 27, 2025. The Motions were referred to Magistrate Judge Edwin G. Torres. (DE 2). On August 26, 2025, Judge Torres entered a Report and Recommendation ("Report"), recommending that Plaintiff's Motion for Summary Judgment be denied, and Defendant's Motion for Summary Judgment be granted. (DE 16). Plaintiff filed an objection on September 9, 2025. (DE 17). Defendant responded to the objection on September 12, 2025. (DE 18).

I have reviewed the Report, the objection and subsequent response, the record, and the relevant caselaw. Review of the factual findings in a disability case is limited to the question of whether substantial evidence exists to support the Administrative Law Judge's ("ALJ") findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997). If the ALJ's decision is supported by substantial competent evidence from the record as a whole, a court will

not disturb that decision.

With these principles in mind, I concur fully with Judge Torres's findings as laid out in the Report. It is especially worth emphasizing that the ALJ sufficiently factored in Dr. Donald Carr's opinion and did so holistically, despite stating that Dr. Carr "mostly focused on the March 2023 surgical report." (DE 7-2 at 34). The record reflects that the ALJ reviewed other relevant portions of Dr. Carr's opinion and opined on their significance. (*Id.* at 34-35). I cannot review the evidence that Plaintiff points to and weigh it against the competing evidence in the record. Instead, I must assess the totality of the factual record to determine whether the ALJ's decision is reasonably supported. Moreover, the mere fact that conflicting evidence was not discussed does not automatically suggest that evidence was cherrypicked or omitted. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) ("In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'"). The ALJ may find such evidence, or the opinion of a medical expert, unpersuasive, and the ALJ said as much in weighing the contradictions she found in Dr. Carr's medical statement.

As the record reflects substantial evidence to sustain the ALJ's determination, and the alleged due process violations are without merit, Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that
1. The Report and Recommendation (DE 16) is **ADOPTED.**
2. Plaintiff's Motion for Summary Judgment (DE 12) is **DENIED.**

2

3. Defendant's Motion for Summary Judgment (DE 14) is **GRANTED**.

4. Final Judgment will be issued by separate Order.

**SIGNED** in West Palm Beach, Florida, this 2̲ day of September, 2025.

Donald M. Middlebrooks
United States District Judge

Cc: Counsels of Record